United States District Court

Eastern District of Louisiana

Brister

v.                                    CIVIL ACTION NO. 2:4-cv-3247"R"

Schlinger Foundation


    The record reflects that a Notice of Removal has been filed in

the captioned case; accordingly,

    Pursuant to 28 U.S.C. 1447(b), the removing party is directed

to file within 10 days:

    (1) A list of all parties still remaining in this action;

    (2) Copies of all pleadings, including answers, filed by
        those parties in state court; and

    (3) Copies of the return on service of process on those
        parties filed in state court.

    New Orleans, Louisiana, November 30, 2004.


                                By Direction of the Court


                                LORETTA G. WHYTE, CLERK



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 NOV 29 P 1: 50

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES BRISTER** | **CIVIL ACTION:** 04-3247 |
| **VERSUS** | **SECTION:** |
| **SCHLINGER FOUNDATION; DR. EVERT I. SCHLINGER, Ph.D; THE OFFICE OF THE PRESIDING ALMONER OF LIVING WATERS; EVERT I. SCHLINGER, JR.; TIMOTHEOUS PETTINGER A/K/A TIMOTHEOUS benHAROLD OF THE HOUSE OF PETTINGER barABBA; MORGAN CREEK CO.; RUSSELL FRANK FOSTER; FUN KARTS, INC.; JOHN PETTINGER; PATRICK K. RESO; WILLIAM ROGERS** | **MAGISTRATE:** SECT. R MAG. 1 |

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

## NOTICE OF REMOVAL

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

Defendants, Patrick K. Reso and Fun Karts, Inc., hereby file this Notice of Removal of the above-described action to the United States District Court for the Eastern District of Louisiana from the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, where the action is now pending as provided by Title 28, U.S. Code, Chapter 89, and state:

___ Fee_150.00
___ Process____
X   Dktd____
___ CtRmDep____
___ Doc. No.____

1.

The action is a civil action for violations of certain federal securities statutes.

2.

The United States District Court for the Eastern District of Louisiana has jurisdiction under 28 U.S.C. 1331 because the plaintiff's cause(s) of action arise under federal law.

3.

The United States District Court for the Eastern District of Louisiana also has jurisdiction under 28 U.S.C. 1332 by reason of the diversity of citizenship of the parties.

4.

At all times and on May 2, 2003, when the action was commenced in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, plaintiff was, and now is, domiciled in Louisiana.

5.

At all times and on May 2, 2003, when the action was commenced in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, all defendants except two were domiciled in states other than Louisiana.

6.

The two defendants domiciled in Louisiana, Patrick K. Reso and Russell Frank Foster were fraudulently joined as defendants in this action solely to defeat diversity as plaintiff has no viable legal claim against either party.

7.

The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000.

8.

On May 6, 2003, the Petition and Citation issued in the State action were served upon defendants Patrick K. Reso and Fun Karts, Inc.

9.

A copy of all process, pleadings, and orders served upon defendants Reso and Funk Karts, Inc. is filed with this notice.

10.

No other defendants in the action have been served with process as of this date.

11.

Undersigned counsel has attempted to contact all of the defendants who have not yet been served. Each of those defendants which counsel has been successful in contacting have consented to the removal, including: The Schlinger Foundation; Dr. Evert I. Schlinger; Evert I. Schlinger, Jr.; and William Rogers.

12.

Defendant will give written notice of the filing of this notice as required by 28 USC §1446(d).

13.

A copy of this notice will be filed with the Clerk of the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, as required by 28 USC §1446(d).

**WHEREFORE**, defendant requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 24ᵗʰ day of November, 2004.

SEALE & ROSS, P.L.C.

_____
T. JAY SEALE, III                  #11901
KENNETH L. ROSS                    #11475
GLEN R. GALBRAITH, T.A.            #23087
200 NORTH CATE STREET
P. O. DRAWER 699
HAMMOND, LA   70404
(985) 542-8500
FAX (985) 542-4111
*Attorneys for Karts International, Inc., and*
*Fun Karts, Inc.*

CERTIFICATE OF SERVICE
I certify that a copy of the foregoing has
been served upon counsel for all parties to
this proceeding, by mailing the same to each
by First Class United States mail, properly
addressed and postage prepaid on this
24ᵗʰ day of November 2004

Fo m: 101                                CITATION                                        KPB

---

BRISTER, CHARLES                    No: 2004-003689    Div: D

VERSUS                              21st Judicial District Court
                                    Parish of Tangipahoa
SCHLINGER FOUNDATION                State of Louisiana

---

To: PATRICK RESO
    200 N CATE STREET
    HAMMOND, LA.

                                    Received from _Dep. Turner_
                                    this _5_ day of _Nov_ 20_04_
                                    at _2:01_ o'clock _P_.M.
                                    Received by _Blake_ _____ of
                                            Seale & Ross

Parish of TANGIPAHOA

    YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the Twenty-First
Judicial District Court in and for the Parish of Tangipahoa, State of
Louisiana within fifteen (15) days after the service hereof, under penalty of
default.

This service was ordered by attorney _____RICHARD A. SCHWARTZ_____ and was
issued by the Clerk of Court on the _03_ day of _November_, 2004.


Pleading Served                              s/Karen Braun
PETITION FOR DAMAGES, MOTION TO     Deputy Clerk of Court for
PRODUCT                             Julian E. Dufreche, Clerk of Court


------------------------------------------------------------------------

                            SERVICE INFORMATION


Received on the _____ day of _____, 20____ and on the _____ day of

_____, 20____ served the above named party as follows:


PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:
PARISH OF _____ this _____ day of _____, 20____.


                            PREPAID

SERVICE    $_____        By _____
                                    Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

[ Service Copy ]

Form: 101                          CITATION                                    KPB

BRISTER, CHARLES                    No: 2004-003689   Div: D

VERSUS                              21st Judicial District Court
                                    Parish of Tangipahoa
SCHLINGER FOUNDATION                State of Louisiana

To: FUN KARTS INC
    THROUGH ITS AUTHORIZED AGENT
    PATRICK K RESO
    200 N CATE STREET                   Received from _Dep Turner_
    HAMMOND, LA.                        this _8_ day of _November_ 20_04_
                                        at _2:07_ o'clock _P_.M.
                                        Received by _Tadau_ of
                                                    Seale & Ross

Parish of TANGIPAHOA

    YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the Twenty-First
Judicial District Court in and for the Parish of Tangipahoa, State of
Louisiana within fifteen (15) days after the service hereof, under penalty of
default.

This service was ordered by attorney _____RICHARD A. SCHWARTZ_____ and was
issued by the Clerk of Court on the _03_ day of _November_, 2004.


Pleading Served                              s/Karen Braun
PETITION FOR DAMAGES, MOTION TO        Deputy Clerk of Court for
PRODUCT                                Julian E. Dufreche, Clerk of Court


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                            SERVICE INFORMATION


Received on the _____ day of _____, 20____ and on the _____ day of

_____, 20____ served the above named party as follows:


PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his

domicile in the parish in the hands of _____,
a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I
learned by interrogating the said person, said party herein being absent from
his residence at the time of said service.


RETURNED:
PARISH OF _____ this _____ day of _____, 20____.



SERVICE    $_____               By: _____
                                    Deputy Sheriff
MILEAGE    $_____

TOTAL      $_____

PREPAID

[ Service Copy ]

TWENTY-FIRST JUDICIAL DISTRICT COURT

PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NUMBER: *2004-003689*                              DIVISION: "D"

CHARLES BRISTER

VERSUS

SCHLINGER FOUNDATION, ET AL

FILED: *October 29, 2004*                    _____*Karen Braun*_____
                                             DEPUTY CLERK

## PETITION FOR DAMAGES

1.

The petition of Charles Brister, a person of full age and majority and a resident of the

Parish of Tangipahoa, State of Louisiana, respectfully represents:

### PLAINTIFFS

2.

Plaintiff herein is Charles, a persons of full age and majority and a resident of the Parish of

Tangipahoa, State of Louisiana;

### DEFENDANTS

3.

Defendants, herein and at all times, are:

Schlinger Foundation, a California, non-profit foundation established pursuant to the Laws

of the State of California, doing business in the Parish of Tangipahoa, State of Louisiana;

Dr. Evert I. Schlinger, PhD., a resident of the State of California;

"The Office of Presiding Almoner of Living Waters", Evert I. Schlinger, hereinafter

referred to as Evert Schlinger, a Nevada Corporation a Nevada Corporation whose principle place

of business is Carmichael, California, hereinafter referred to as "Living Waters";

Evert I. Schlinger, Jr., a/k/a and hereinafter referred to as Pete Schlinger, a resident of the

State of California;

Timotheous Pettinger, a/k/a Timotheous benHarold of the House of Pettinger BarAbba, a resident of the State of Texas;

Morgan Creek Company, a Texas corporation, doing business in the State of Louisiana, Parish of Tangipahoa;

Russell Frank Foster, resident of the State of Louisiana, Parish of Bossier;

Fun Karts, Inc., a Delaware Company, doing business in the State of Louisiana, Parish of Tangipahoa;

John Pettinger, resident of the State of Illinois;

Patrick K. Reso, a resident of the State of Louisiana;

William Rogers, a resident of the State of California.

## ALLEGATION OF FACT

### 4.

At all times herein, Charles Brister is a shareholder of KII.

### 5.

From January, 1999, to June, 2001, Charles Brister served as President of KII, and from June, 2001, through June, 2002, Charles Brister was Chairman of the Board of Directors. During this time he maintained and/or supervised the day to day control and operation of KII.

### 6.

On June, 2000, Schlinger Foundation became a majority shareholder of Karts International, Inc., a Nevada Corporation doing business in the Parish of Tangiphaoa, State of Louisiana, and its wholly owned subsidiaries; Brister's Thunder Karts, Inc., a Louisiana corporation; U.S.A. Industries, an Alabama corporation; and Straight Line Manufacturing, a Michigan corporation, hereinafter referred to, collectively, as KII.

### 7.

After taking control of the company KII, Schlinger Foundation appointed Mr. Timotheous Pettinger to the board of directors of KII, along with Mr. Blair Smith and Mr. Geoffrey Thayer.

### 8.

At the time of the take over of KII, Evert Schlinger and Pete Schlinger were on the board of directors of Schlinger Foundation and maintained daily control of the operation of Schlinger

Page 2

Foundation.

9.

It is alleged that Schlinger Foundation, through its agents or employees, did little or no investigation into the personal backgrounds, general character and business experiences of Smith, Thayer and Pettinger, as to their ability to operate a multi-million dollar, public corporation involved in the field of manufacturing such as the business of KII.

10.

After Schlinger Foundation became the controlling shareholder of KII in June, 2000, Timotheous Pettinger took over the day to day control and operation of KII while Mr. Brister was no longer allowed to operate or to participate in the day to day operation of KII or participate in the decision making process of KII.

11.

Upon the appointment of Smith, Thayer and Pettinger, Mr. Brister and all other shareholders of KII were froze out of the day to day operation and decision making process of KII.

12.

It is alleged that Pete Schlinger created Living Waters.

13.

Petitioner avers that Mr. Timotheous benHarold and Pete Schlinger were not concerned with the operation of KII for the purpose of earning a profit for its shareholders but were in fact operating KII for the benefit and purpose of Timotheous benHarold, Morgan Creek, Pete Schlinger, and Living Waters to transferring and converting funds from KII and the Schlinger Foundation for the benefit of Timotheous benHarold, Morgan Creek, Pete Schlinger and Living Waters.

14.

It is further alleged that the purpose for the creation of Living Waters by Pete Schlinger was not to form a "a religious entity" but was to form a corporation which was to be his alter ego for the sole purpose of transferring and converting funds from KII and the benefit and purpose of Pete Schlinger, Living Waters, Morgan Creek, Timotheous Pettinger, and others.

15.

It is alleged that Pete Schilinger used his confidence and trust bestowed on him by Schlinger Foundation for the purposes of transferring and converting funds from KII and the Schlinger Foundation for his own personal benefit through his alter ego, Living Waters.

16.

It is alleged that Morgan Creek was created by Russell Frank Foster at the request of Timotheous benHarold, so that Timotheous benHarold could use Morgan Creek as his alter ego.

17.

It is alleged that Timotheous benHarold used his position of confidence and trust of Russell Frank Foster to create Morgan Creek and to further obtain a rubber stamp of Russell Frank Foster's signature so that he would be enabled to act on behalf Morgan Creek at any time without the consent and/or knowledge of Russell Frank Foster.

18.

KII is a publicly owned corporation which is governed by the United States Security and Exchange Commission.

19.

In the spring of 2002, the Schlinger Foundation, along with Morgan Creek, entered into a plan for the purposes of transferring virtually all of KII's assets into a newly created Delaware corporation named Fun Karts, Inc. without any input or concurrence of the shareholders of KII.

20.

Fun Karts, Inc., a Delaware corporation, is totally owned by two entities, the Schlinger Foundation, owning more than 12 class A shares of stock and 938 class B shares of stock, with Morgan Creek, owning remaining 50 class A shares of stock and 0 class B stock, being 100% of the shares issued and outstanding by the corporation.

21.

Fun Karts, Inc.'s present Chief Executive Officer was John Pettinger, brother of Timotheous Pettinger.

22.

The Schlinger Foundation employed the assistance of Patrick K. Reso, attorney at law from the State of Louisiana, and William Rogers, attorney at law from the State of California, for

Page 4

the purposes of obtaining assistance in transferring all of KII's assets into a newly created

company.

23.

It is alleged that on the advise of Reso and Rogers, the Schlinger Foundation and Morgan

Creek created Fun Karts, Inc., a Delaware corporation.

24.

It is alleged that in the Spring of 2002, the Schlinger Foundation, along with Morgan

Creek, entered into a financial arrangement with KII whereby the majority of the indebtedness of

KII, which was secured by the majority of KII's assets, to make them the sole and major creditors

of KII.

25.

It is alleged that Morgan Creek and Schlinger Foundation then transferred their evidence

of indebtedness to Fun Karts, Inc.

26.

Fun Karts, Inc., which was the under the  control of John Pettinger, which foreclosed on

all of the assets of KII and purchased the assets at a Sheriff's Sale for $ 877.93 .

27.

It is alleged that when Schlinger Foundation and Morgan Creek were devising a plan for

the the reorganization of the  debts of KII,  secured by KII's  assets, no USSEC 8-K Form was

filed advising the public and the shareholders that a major financial transaction was taking place as

required by USSEC regulations.

28.

It is further alleged that when Schlinger Foundation and Morgan Creek were devising a

plan whereby they collectively would form a new corporation, Fun Karts, Inc., for the purpose of

obtaining all the assets of KII, no USSEC 8-K Form was filed advising the shareholders and the

public that a major transfer of assets to an entity outside of KII was taking place, as required by

USSEC regulations.

29.

On July 24, 2002, KII filed USSEC 8-K Form stating "all assets belonging to Karts

International, Inc. and its subsidiaries were seized and sold at foreclosure sale on July 17, 2002, in

Amite, Louisiana", said 8-K Form release was signed by Timotheous benHarold.

30.

On October 22, 2002, Timotheous Pettinger, on behalf of KII, assigned the remaining asset of KII, a lease of seven (7) remaining years of a 40,000 square foot plant located in Roseland, Louisiana, to Fun Karts, Inc., whose president was John Pettinger, his brother. This transfer was for no consideration.

31.

KII did not file a USSEC 8-K Form reporting to its shareholders and the public that it was transferring a major asset, the remaining leasehold, to another entity, Fun Karts, Inc., which is required by USSEC regulations.

## DAMAGES SUFFERED BY CHARLES BRISTER

32.

Damages suffered herein by Charles Brister, a shareholder of KII, are as follow:

In June, 2002, Charles Brister was owner of 2,539,091 shares valued at .76 per share with a total value of $1,929,709.00. On December 31, 2002, the value of KII stock was $0.00 per share and remains at that value. Damages suffered by Mr. Brister, by the action of the defendants, herein, is $1,929,709.00.

## LIABILITY OF SCHLINGER FOUNDATION

33.

Schlinger Foundation is liable to Charles Brister, a shareholder of the public company, KII, for the following reasons, herein;

34.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, and the Damages Suffered by Charles Brister, allegation 32, as being acts of negligence and breaches of fiduciary responsibility to minor shareholders which caused the damages herein and incorporates those allegations by reference.

Page 6

35.

Schlinger Foundation is liable for the actions of its agents, employees and co-business partners for the damages sued upon herein, under the doctrine of respondeat superior. Those agents, employees and co-business partners are the defendants: Dr. Evert I. Schlinger, PhD., Pete Schlinger, Living Waters, Timotheous benHarold, Morgan Creek, Russell Frank Foster, Fun Karts, Inc., John Pettinger, Patrick K. Reso, and William Rogers.

36.

Schlinger Foundation is liable to your petitioner for its negligence in the following:

Evert Schlinger's and Pete Schlinger's failure to properly overlook and manage the day to day operations of KII which resulted in the complete loss of its value.

37.

Schlinger Foundation was negligent in its failure to investigate the personal backgrounds, general character, and business experience of Timotheous Pettinger, Blair Smith, and Geoffrey Thayer in addition to their ability to run a multi-million dollar, major manufacturing company such as KII prior to them placing them into the position of complete control of the board of directors or KII and subsequent complete control of the manufacturing process.

38.

Schlinger Foundation was negligent in its failure to oversee the day to day operations of KII and Chief Executive Officers, President, and board of director members.

39.

Schlinger Foundation was negligent in its removal of Charles Brister as the President, Chief Executive Officer and operator of KII, and replacing him with a person who had little or no experience in operating a multi-million dollar manufacturing business such as KII.

40

Schlinger Foundation is liable to your petitioner for its negligence in failing to see that KII file a USSEC 8-K Form, as required by USSEC regulations, advising the public and the shareholders of KII, as to the restructuring of a major portion of its debt being in the name of Schlinger Foundation and Morgan Creek.

41.

Schlinger Foundation was negligent to your petitioner for its negligence in failing to see

that KII file a USSEC 8-K Form, as required by USSEC regulations, advising the public and the shareholders of KII, as required by Federal Law, that a business arrangement had been perfected whereby Schlinger Foundation and Morgan Creek were forming a new corporation, Fun Karts, Inc., for the purpose of gaining control of all assets of KII.

42.

Schlinger Foundation was negligent in its failure to to see that KII file a USSEC 8-K Form when the remaining assets of KII, namely the leasehold in Roseland, Louisiana, was transferred by KII to Fun Karts, Inc., managed by John Pettinger.

43.

Schlinger Foundation is liable to your petitioner for the damages suffered herein as a result of the acts committed herein which constitute a breach of a fiduciary responsibility by Schlinger Foundation and Morgan Creek, as a major shareholder of KII stock by entering into a plan whereby all the assets of KII would be transferred from KII to the detriment of the minor shareholders, to that of a new corporation, Fun Karts, Inc., which was created by the Schlinger Foundation.

44.

Schlinger Foundation is liable to your petitioner for the damages suffered herein as a result of the acts committed herein which constitute fraud by Schlinger Foundation and Morgan Creek, as a major shareholder of KII stock by entering into a plan whereby all the assets of KII would be transferred from KII to the detriment of the minor shareholders, to that of a new corporation, Fun Karts, Inc., which was created by the Schlinger Foundation.

45.

Schlinger Foundation is liable to your petitioner for damages suffered herein by its agents', Timetheous Pettinger, Blair Smith and Geoffrey Thayer, actions in freezing out Mr. Brister, President and Chairman of the Board of Directors of KII, from the day to day operations of KII, resulting in the total loss of value of KII.

46.

Schlinger Foundation is liable to your petitioner for other acts of negligence which will be shown more particularly at trial.

## LIABILITY OF DR. EVERT I. SCHLINGER, PHD.

47.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, all allegations Damages Suffered by Charles Brister, allegation 32, and all allegations stated in the liability of the Schlinger Foundation being allegations 33 – 46, being acts of negligence, fraud and breaches of fiduciary responsibility to minor shareholders which caused damages to herein and incorporates the same by reference.

48.

In the years from May, 2000, through March 25, 2004, Evert Schlinger was a member of the board of directors of the Schlinger Foundation and in a position as director, he is liable for acts of negligence previously stated herein.

49.

Evert Schlinger is negligent in that he knew or should have known that his son, Pete Schlinger, created Living Waters, an alter ego, to devise a scheme whereby Pete Schlinger, along with Timotheous benHarold and others, would use KII as a vehicle for obtaining KII's assets for their own use and benefit and to convert properties, moneys, cash, stock, gold bullion and other assets properly and lawfully belonging to KII, to and for their own benefit to the detriment of the plaintiff, Charles Brister, a shareholder of KII.

## LIABILITY OF LIVING WATERS

50.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, all the allegations of the Damages Suffered by Charles Brister in allegation 32 all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, and allegations stated in the liability of Dr. Evert Schlinger, PHD, being allegations 47 – 49, being acts of negligence, fraud and breaches of fiduciary responsibility to minor shareholders which caused damages to herein and incorporates the same by reference.

51.

Petitioner avers that the actions of Living Waters, the alter ego of Pete Schlinger is liable to your petitioner as a result of a breach of its fiduciary duty owe to the minor shareholders of KII

Page 9

and the fraud, in attempting to transfer all property, moneys, cash, stock, gold bullion, and other assets properly and lawfully belonging to KII to and for the sole benefit of Living Waters, Pete Schlinger, Morgan Creek, and Timotheous benHarold.  Such actions constitute negligence, fraud, and a breach of fiduciary duty owed to the shareholders of KII.

## LIABILITY OF EVERT I. SCHLINGER, JR.
## A/K/A PETE SCHLINGER

### 52.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, all the allegations in the Damages Suffered by Charles Brister in allegation 32,  all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the liability of Dr. Evert Schlinger, PHD, being allegations 4–49, and allegations stated in the liability of Living Waters, being allegations 50–51, being acts of negligence, fraud and breaches of fiduciary responsibility to minor shareholders  which caused damages to  herein and incorporates the same by reference.

### 53.

Pete Schlinger used his position as Director and Chief Financial Officer of Schlinger Foundation and his family relationship with the Director, Evert Schlinger, to persuade Schlinger Foundation to transfer 25,600,000 shares of stock from the Schlinger Foundation to that of Living Waters, his alter ego.

### 54.

Pete Schlinger, by virtue of his relationship of trust and confidence existing between Pete Schlinger and the Schlinger Foundation, is liable to your petitioner, herein, in that he breached his fiduciary duty to KII, allowing its properties, moneys, cash, stock, warranties and other assets to be diverted from the ownership of KII to and for his own personal use and to and for the personal use of Morgan Creek and Timotheous Pettinger.

### 55.

Defendant, Pete Schlinger, is liable to your petitioner as a result of him having no personal interest in the successful business operation of KII.  He merely maintained interest in defrauding KII out of its own assets for his own personal use causing damages to Charles Brister.

## LIABILITY OF MORGAN CREEK

### 56.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, all the allegations of the Damages Suffered by Charles Brister in allegation 32,   all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability of Living Waters, being allegations 50-51, and allegations stated in liability of Everet I. Schlinger, Jr., being allegations 52–55, being acts of negligence and breaches of fiduciary responsibility to minor shareholders  which caused damages to  herein and incorporates the same by reference.

### 57.

Morgan Creek further caused damages to your petitioner, as follows; Morgan Creek was a company created by Russell Frank Foster, at the request of Timotheous Pettinger, to exist as an alter ego of Timotheous Pettinger.

### 58.

Morgan Creek had no interest in the successful operation of KII other than to convert properties, moneys, cash, stock, gold bullion and other assets properly and lawfully belonging to KII to and for the personal gain of Morgan Creek, Timotheous Pettinger, Living Waters, and Pete Schlinger.

### 59.

It is alleged that Morgan Creek breached its fiduciary duty to the shareholders of KII in that it was not interested in the profitable operation of KII in the manufacturing business.

### 60.

Morgan Creek was negligent in its ability to maintain, operate and supervise the operation of KII causing your petitioner the damages suffered herein.


## LIABILITY OF RUSSELL FRANK FOSTER

### 61.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, all allegations of the Damages Suffered by Charles Brister in allegation 32,  all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the

liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability of

Living Waters, being allegations 50–51, allegations stated in liability of Everet I. Schlinger, Jr.,

being allegations 52–55, and the allegations stated in the liability of Morgan Creek, being

allegations 56–60, being acts of negligence and breaches of fiduciary responsibility to minor

shareholders which caused damages to  herein and incorporates the same by reference.

62.

Russell Frank Foster was negligent in that he knew or should have known that the creation

of Morgan Creek was not the operation of lawful businesses but was the alter ego of Timotheous

Pettinger.

63.

Russell Frank Foster was negligent in that he knew or should have known that

Timotheous Pettinger's operation of Morgan Creek, as his alter ego, was for the purposes of

defrauding KII out of property, moneys, cash, stock, gold bullion and other assets properly and

lawfully belonging to KII thereby causing the damages suffered herein by your petitioner, Charles

Brister.

64.

Russell Frank Foster was negligent in that he knew or should have known that the creation

of a rubber stamp of his signature being placed in the possession of Timotheous Pettinger giving

him the ability to conduct Morgan Creek's business without any oversight or input on behalf of

Russell Frank Foster.

65.

Russell Frank Foster was negligent in not managing and overseeing the operations of

Morgan Creek by Timotheous Pettinger, allowing Timotheous Pettinger to operate Morgan Creek

as his alter ego causing damages suffered by your petitioner herein.

## LIABILITY OF TIMOTHEOUS PETTINGER

66.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31,

allegations stated in the Damages Suffered by Charles Brister in allegation 32, all allegations

stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in

the liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability

of Living Waters, being allegations 50–51, allegations stated in liability of Everet I. Schlinger, Jr.,

being allegations 52–55, allegations stated in the liability of Morgan Creek, being allegations

56–60, and allegations stated in the liability of Russell Frank Foster, being allegations 61–65,

being acts of negligence and breaches of fiduciary responsibility to minor shareholders which

caused damages to  herein and incorporates the same by reference.

67.

It is alleged that Timotheous Pettinger and Pete Schlinger devised a scheme to defraud KII

of its assets thereby causing the damages suffered by your petitioner herein.

68.

Timotheous Pettinger was negligent in representing himself to Schlinger Foundation that

he was able to run a multi-million dollar manufacturing business when in truth and fact he had no

experience or ability in operating such a business.

69.

Timotheous Pettinger was negligent in that he had no interest in the day to day operations

of KII thereby causing KII to fail as a manufacturing business causing the damages suffered by

your petitioner herein.

**LIABILITY OF FUN KARTS, INC.**

70.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31,

allegations of the Damages Suffered by Charles Brister in allegation 32,   all allegations stated in

the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the

liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability of

Living Waters, being allegations 50-51, allegations stated in the liability of Everet I. Schlinger, Jr.,

being allegations 52– 55, allegations stated in the liability of  Morgan Creek, being allegations

56–60, and allegations stated in the liability of  Russell Frank Foster, being allegations 61–65,

allegations stated in the liability of Timotheous Pettinger, being allegations 66–69,  being acts of

negligence and breaches of fiduciary responsibility to minor shareholders  which caused damages

to  herein and incorporates the same by reference.

Page 13

## LIABILITY OF JOHN PETTINGER

71.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, allegations of the Damages Suffered by Charles Brister in allegation 32,  all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability of Living Waters, being allegations 50-51, allegations stated in liability of Everet I. Schlinger, Jr., being allegations 52– 55, allegations stated in the liability of Morgan Creek, being allegations 56–60, allegations stated in the liability of  Russell Frank Foster, being allegations 61–65, allegations stated in the liability of Timotheous Pettinger, being allegations 66–69, and allegations stated in the liability of Fun Karts, Inc., being allegation 70, being acts of negligence and breaches of fiduciary responsibility to minor shareholders  which caused damages to  herein and incorporates the same by reference.

72.

John Pettinger was further negligent in not advising KII and its officers, employees and board of directors in a timely manner that Timotheous Pettinger did not have the experience nor the ability to run a multi-million dollar manufacturing business.

## LIABILITY OF PATRICK K. RESO

73.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, allegations stated in the Damages Suffered by Charles Brister in allegation 32,   all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability of Living Waters, being allegations 50-51, allegations stated in liability of Everet I. Schlinger, Jr., being allegations 50– 55, allegations stated in the liability of Morgan Creek, being allegations 56–60, allegations stated in the liability of  Russell Frank Foster, being allegations 61–65, allegations stated in the liability of Timotheous Pettinger, being allegations 66–69, allegations stated in the liability of Fun Karts, Inc., being allegation 70, and allegations stated in the liability of John Pettinger, being allegations 71–72, being acts of negligence and breaches of fiduciary

responsibility to minor shareholders which caused damages to herein and incorporates the same by reference.

74.

Patrick K. Reso is liable to your petitioner in that he was negligent in failing to advise the Schlinger Foundation that as a major shareholder of KII stock, that Schlinger Foundation had a fiduciary duty to the minor shareholders to protect their interest and the value of their stock.

75.

Patrick K. Reso is liable to your petitioner in that he was negligent in that he knew or should have known and failed to advise Schlinger Foundation that a scheme was being devised to transfer all indebtedness and secured assets of KII to a newly formed corporation required the filing of a USSEC 8-K Form.

76.

Patrick K. Reso is liable to your petitioner in that he was negligent in that he knew or should have known and failed to advise Schlinger Foundation and/or Morgan Creek that a scheme in which a new company, Fun Karts, Inc., was being formed for the sole purpose to have all assets transferred from KII to Fun Karts, Inc. required a filing of an USSEC 8-K Form.

77.

Patrick K. Reso was negligent in that he failed to advise Schlinger Foundation and/or Morgan Creek that it was necessary to file a USSEC 8-K Form providing notice the general public and the shareholders of the transfer of the leasehold in Roseland.

**LIABILITY OF WILLIAM ROGERS**

78.

Petitioner alleges and adopts all Allegations of Fact and every allegation 4 – 31, allegations in the Damages Suffered by Charles Brister in allegation 32, all allegations stated in the liability of the Schlinger Foundation, being allegations 33 – 46, allegations stated in the liability of Dr. Evert Schlinger, PHD, being allegations 47–49, allegations stated in the liability of Living Waters, being allegations 50-51, allegations stated in liability of Everet I. Schlinger, Jr., being allegations 52– 55, allegations stated in the liability of Morgan Creek, being allegations 56–60, allegations stated in the liability of Russell Frank Foster, being allegations 61–65,

Page 15

allegations stated in the liability of Timotheous Pettinger, being allegations 66–69, allegations stated in the liability of Fun Karts, Inc., being allegation 70, allegations stated in the liability of John Pettinger, being allegations 71–72, and allegations stated in the liability of Patrick K. Reso, being allegations 73–77,being acts of negligence and breaches of fiduciary responsibility to minor shareholders which caused damages to herein and incorporates the same by reference.

79.

William Rogers was further negligent in that he failed to advise the Schlinger Foundation that as a major shareholder of KII stock, that Schlinger Foundation had a fiduciary duty to the minor shareholders to protect the interest and value of their stock.

80.

William Rogers was negligent in that he knew or should have known that a scheme being devised to transfer all indebtedness and secured assets to a newly formed corporation required the filing of a USSEC 8-K Form.

81.

William Rogers was negligent in that he knew or should have known and failed to advise Schlinger Foundation that a scheme in which a new company, Fun Karts, Inc., was being formed for the sole purpose to have all assets transferred from KII to Fun Karts, Inc. required a filing of an USSEC 8-K Form.

82.

William Rogers was negligent in failing to advise Schlinger Foundation and Morgan Creek that in their positions as majority shareholders they had a fiduciary duty to protect the interest of a minor shareholder in that conversion of assets from KII to Fun Karts, Inc. was a violation of that fiduciary duty.

83.

William Rogers was negligent in that he failed to advise Schlinger Foundation and/or Morgan Creek that it was necessary to file a USSEC 8-K Form providing notice to the general public and shareholders of the transfer of the leasehold in Roseland.

84.

Petitioner desires that all issues be tried by a trial by jury.

WHEREFORE PETITIONER PRAYS that after due proceedings, a judgment be entered

Page 16

into in favor of Charles Brister, plaintiff, and against the defendants; Dr. Evert I. Schlinger, PhD.;

"The Office of Presiding Almoner of Living Waters", and his successors; Ever I. Schlinger, Jr.,

a/k/a Pete Schlinger; Timotheous Pettinger, a/k/a Timotheous benHarold; Morgan Creek; Russell

Frank Foster; Fun Karts, Inc.; John Pettinger; Patrick K. Reso, and William Rogers, in the amount

of $1,929,709.00 plus judicial interest from date of judicial demand in addition to all expert

witness fees and court cost incurred therein.

Respectfully submitted,

Richard A. Schwartz (11853)
P. O. Box 1035
Amite, Louisiana 70422
(985) 748-4693

## PLEASE SERVE THE FOLLOWING DEFENDANTS:

Schlinger Foundation by long arm statute
through its authorized agent;
Evert Schlinger
1550 Alisos Avenue
Santa Ynez, CA 93460

Dr. Evert I. Schlinger, PhD.
1550 Alisos Avenue
Santa Ynez, CA 93460

Evert I. Schlinger, Jr. a/k/a Pete Schlinger
3600 Sareco Court
Carmichael, CA 95608

The Office of Presiding Almoner of Living
Waters, by long arm statute through its
authorized agent Evert I. Schlinger, Jr. a/k/a
Pete Schlinger
3600 Sareco Court
Carmichael, CA 95608

Morgan Creek
2520 Timbercreek Drive
Plano, TX 75075
AND through its board of director member,
Russell Frank Foster
836 Gladstone Blvd.
Shreveport, LA 71104

Timotheous Pettinger
a/k/a Timotheous benHarold
through long arm statute
2300 Country Road
Allen, TX 75002

John Pettinger through long arm statute
1533 N. Columbia Street
Napeville, IL 60563

Fun Karts, Inc.
Through its authorized agent
Patrick K. Reso
200 N. Cate Street
Hammond, LA 70401

Russell Frank Foster
836 Gladstone Blvd.
Shreveport, LA 71104

Patrick Reso
200 N. Cate Street
Hammond, LA 70401

William Rogers
427 E. Carrillo Street
Santa Barbara, CA 93121-2257

s/Karen Braun

## VERIFICATION

STATE OF LOUISIANA

PARISH OF TANGIPAHOA

BEFORE ME, the undersigned Notary Public, personally came and appeared: CHARLES

BRISTER, who is deceased, who, after being by me, duly sworn, did depose and state the

following:

That he is the petitioner in the above and foregoing Petition for Damages;

That all of the allegations contained therein are true and correct to the best of his

information, knowledge and belief.

_____
CHARLES BRISTER

Sworn to and Subscribed before me, this _2_7_ day of __OCTOBER__, 2004.

_____
NOTARY PUBLIC

**TWENTY-FIRST JUDICIAL DISTRICT COURT**

**PARISH OF TANGIPAHOA**

**STATE OF LOUISIANA**

NUMBER: 2004-00 3689                    DIVISION: "D"

**CHARLES BRISTER**

**VERSUS**

**SCHLINGER FOUNDATION, ET AL**

FILED: _October 29, 2004_                    _Karen Braun_
                                                           **DEPUTY CLERK**

### REQUEST FOR NOTICE

**TO THE HONORABLE CLERK OF COURT:**

        In accordance with LSA - C.C.P. Article 1572, defendant respectfully request that the Court and/or Clerk of Court give written notice by certified mail at least ten (10) days in advance of the date fixed for trial or hearing of this case whether on exceptions, motions, rules or the merits.

        In accordance with LSA-C.C.P. Article 1913, defendant further request immediate notice of all orders or judgment, whether interlocutory or final, made or rendered in this case by taking under advisement or, if the judgment is not signed, at the conclusion of the trial.

        Notice is to be mailed to or served upon defendant through his undersigned counsel.

                                        BY ATTORNEY:


                                        _____
                                        RICHARD A. SCHWARTZ (#11853)
                                        Attorney for defendant
                                        210 E. Mulberry Street
                                        P. O. Box 1035
                                        Amite, Louisiana 70422
                                        Telephone (985) 748-4693
                                        Facsimile (985) 747-8293

TWENTY-FIRST JUDICIAL DISTRICT COURT

PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NUMBER: 2004-003689                    DIVISION: L

CHARLES BRISTER

VERSUS

SCHLINGER FOUNDATION, ET AL

FILED: October 29.2                    _____
                                       DEPUTY CLERK

## MOTION TO PRODUCE

TO:   Schlinger Foundation, Dr. Evert I. Schlinger, PhD., Evert I. Schlinger, Jr.
      a/k/a Pete Schlinger, The Office of Presiding Almoner of Living Waters,
      Living Waters, Morgan Creek, Timotheous Pettinger a/k/a Temotheous
      benHarold, John Pettinger, Fun Karts, Inc., Russell Frank Foster, Patrick
      Reso, and William Rogers

You are requested by Charles Brister to produce the following request, in writing, to

Richard A. Schwartz, Post Office Box 1035, Amite, Louisiana 70422, within fifteen days from

service, pursuant to LSA-C.C.P. Articles 1457, 1458, and 1459.

These request are deemed to be continuing and shall be updated and supplemented as the

information requested changes or as new information develops:

1.    Produce any and all errors, omissions, and/or general liability insurance policies which will

      cover the damages sued upon herein.

                                       Respectfully submitted,


                                       _____
                                       Richard A. Schwartz (11853)
                                       P. O. Box 1035
                                       Amite, Louisiana 70422
                                       (985) 748-4693


                                       s/Karen Braun